FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDY L., <br><br>                 Plaintiff, <br><br>   -vs- <br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br>                 Defendant. | No.   1:23-CV-3078-WFN <br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

Pending before the Court are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 9, 11. Attorney D. James Tree represents Brandy L. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for benefits on March 14, 2019, alleging disability since September 1, 2018. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Roxanne Fuller held a hearing on October 5, 2020, and issued an unfavorable decision on November 20, 2020. The Appeals Council remanded the matter on August 12, 2021. ALJ Lynn Ginsberg held a second hearing on February 17,

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

2022, and issued an unfavorable decision on April 4, 2022. Tr. 15-31. The Appeals Council denied review on April 14, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on June 8, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This

burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 4, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 12, 2019, the application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depression; anxiety; post- traumatic stress disorder (PTSD); rule out borderline intellectual functioning; attention- deficit/hyperactivity disorder (ADHD); intermittent explosive disorder; headaches; chronic pelvic pain with endometriosis and bowel adhesions; and bilateral hand pain. Tr. 18.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations:

> She can lift and/or carry up to twenty pounds occasionally and ten pound frequently; can stand and/or walk about six hours and sit about six hours in an eight-hour workday with normal breaks; never climb ladders, ropes, or scaffolds; frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; no use of moving hazardous machinery; no exposure to unprotected heights; can understand, remember, and carry out instructions that can be learned in up to and

ORDER GRANTING
PLAINTIFF'S MOTION - 3

including 30 days of on the job training; can keep pace sufficient to complete tasks and meet quotas typically found in unskilled work, but cannot perform highly time pressured tasks and is limited to generally goal-oriented work and not work with strict production quotas; can have occasional interaction with supervisors; can work in proximity with co-workers but not in a cooperative or team effort; requires a work environment that has no more than superficial interaction with coworkers; requires a work environment that is predictable with only occasional changes in the work setting; and should have no public interaction.

Tr. 21.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 30.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 30-31.

The ALJ thus concluded Plaintiff has not been disabled since the application date. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; and (B) whether the ALJ properly evaluated Plaintiff's subjective complaints. ECF No. 9 at 2.

## DISCUSSION

**A.    Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated four sets of medical opinions. ECF No. 9 at 14-21. The Court addresses each in turn.

ORDER GRANTING
PLAINTIFF'S MOTION - 4

**1.  Donna Lopaze, LMHC.**

LMHC Layman, Plaintiff's treating therapist, prepared three medical source statements.  In the first, dated August 14, 2018, she opined Plaintiff would be limited to working, looking for work, or preparing for work 1-10 hours per week.  Tr. 672.  In the second, dated August 6, 2019, she endorsed the same limitation.  Tr. 737.  In the third, dated December 21, 2021, she opined, among other things, Plaintiff had a series of severe and marked functional limitations and, if attempting to sustain work, Plaintiff would be off task 21-30% of the time and would miss 3 days per month.  Tr. 876-78.  The ALJ found these opinions not persuasive.  Tr. 28.

The ALJ first discounted the opinion as inconsistent with Plaintiff's "largely conservative and routine mental health treatment and lack of need for medication." Tr. 28.  These are not reasonable inconsistencies.  Indeed, no mental health professional endorsed additional psychiatric medication as a treatment option or suggested a more aggressive treatment plan was warranted.  *See, e.g.*, Tr. 736 (LMHC Layman recommending continuing "cognitive-behavioral therapy with a trauma focus").  The ALJ thus erred by discounting the opinion on this ground.

The ALJ next discounted the opinions on the grounds Plaintiff "increase[d] her socialization at times, including going to a friend's house and attending her children's activities," and could "prepar[e] meals, driv[e] a car, go[] shopping, and successfully car[e] for her two children."  Tr. 28, 29.  Plaintiff's activities, however, are neither inconsistent with nor a valid reason to discount the opinions.  *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly

ORDER GRANTING
PLAINTIFF'S MOTION - 5

incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ thus erred by discounting the opinions on this ground.

Third, the ALJ discounted the opinions as overly reliant on Plaintiff's self-report of symptoms. Tr. 28. On this record, the ALJ erred by discounting the opinions on this ground. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness."). The record indicates the opinions were based on clinical observations and does not indicate LMHC Lopaze found Plaintiff to be untruthful. Therefore, this is no evidentiary basis for rejecting her opinions. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a clinician's opinion "by questioning the credibility

ORDER GRANTING
PLAINTIFF'S MOTION - 6

of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ thus erred by discounting the opinions on this ground.

Fourth, the ALJ discounted the opinions as lacking "sufficient work-related functional limitations, supporting objective medical evidence and examination findings, and analysis and explanation." Tr. 28-29. This finding is both belied by the record and contrary to well-settled law, for three reasons. First, LMHC Lopaze's December 2021 medical source statement addresses the very functional limitations considered by Defendant's consultative and reviewing doctors. *Compare, e.g.*, Tr. 878, *with* Tr. 716-17, *and* Tr. 214. Second, as discussed above, the lack of objective medical evidence concerning mental health impairments is not a reasonable ground on which to discount mental health-related opinions. *See, e.g.*, *Buck*, 869 F.3d at 1049; *Lebus*, 526 F. Supp. at 60. And third, the opinions "did not stand alone[.]" *Garrison v. Colvin*, 759 F.3d 995, 1014 n17 (9th Cir. 2014). Rather, the opinions were supported by years of treatment notes. *See, e.g.*, Tr. 759, 764, 893, 900. The ALJ thus erred by discounting the opinions on this ground.

Fifth, the ALJ discounted the opinions as inconsistent with unelaborated medical evidence in the record "showing largely unremarkable examination findings, including, being alert and oriented, having an appropriate mood and affect, being cooperative, and being attentive." Tr. 29. In support, the ALJ cites medical records relating to Plaintiff's *physical* impairments and a consultative clinical examination. These are not reasonable inconsistencies. The medical records relating to Plaintiff's physical impairments neither undermine nor are reasonably related to LMHC Lopaze's assessment of Plaintiff's mental health impairments. Further, Plaintiff's performance during the clinical interview – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with LMHC Lopaze's opined limitations concerning Plaintiff's ability to, among other things, remain on task and maintain attendance. *Cf. Reddick*, 157 F.3d at 725 (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*,

849 F.2d 418, 421-22 (9th Cir. 1988)).  The ALJ thus erred by discounting the opinions on this ground.

Finally, the ALJ discounted the opinion as internally inconsistent, reasoning as follows: "Ms. Lopaze notes that the claimant would need training and support for a successful job placement, but also assesses her with extreme limitations in adapting or managing herself, that she would be off task 21% - 30%, and would miss three days of work per month."  Tr. 29.  Contrary to the ALJ's finding, however, these assessments are neither incongruous nor mutually exclusive: LMHC Lopaze opined training and support could help Plaintiff, facing these limitations, reach her goal of a "successful job placement."  Because the ALJ relied on an unreasonable inconsistency, the ALJ erred by discounting the opinions on this ground.  Cf. Reddick, 157 F.3d at 722-23. (reversing ALJ's decision where its "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

The ALJ accordingly erred by discounting these opinions.

**2.  Thomas Genthe, Ph.D.**

Dr. Genthe examined Plaintiff twice, conducting clinical interviews and performing mental status examinations.  Tr. 737-44, 828-835.  On September 9, 2019, Dr. Genthe opined, among other things, Plaintiff was severely limited in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms.  Tr. 741.  On December 29, 2020, Dr. Genthe endorsed these same limitations and assessed as "severe" the overall severity level of Plaintiff's mental impairments.  Tr. 832.  The ALJ found these opinions "generally not persuasive."  Tr. 29.

The ALJ first discounted the opinions on the ground Dr. Genthe performed "one-time examinations."  Tr. 29.  This ground is legally erroneous, as the Commissioner's regulations expressly allow for the evaluation of examining sources' opinions.  See 20 C.F.R. § 404.1520c(3)(v) ("*Examining relationship*.  A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source

ORDER GRANTING
PLAINTIFF'S MOTION - 8

only reviews evidence in your folder.").  The ALJ thus erred by discounting the opinions on this ground.

The ALJ next discounted the opinions as inconsistent with Plaintiff's ability to, on examination, be "oriented, cooperative, attentive, [and] ha[ve] normal speech and thought processes and content, mild concentration issues, and some memory limitations."  Tr. 29. These are not reasonable inconsistencies.  Plaintiff's performance during the clinical interview – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with the doctor's opined limitations concerning Plaintiff's ability to, among other things, complete a normal workday and workweek without interruptions from psychologically based symptoms.

The ALJ also discounted the opinions on identical grounds used to discount the opinions of LMHC Lopaze: "His findings are also not consistent with the evidence in the record, including the claimant's largely conservative and routine treatment, improvement with treatment, lack of need for psychiatric medication, normal to mild examination findings as discussed above, and her activities of daily living, including, caring for her children, performance of personal care, household chores, preparing meals, driving a car, and shopping."  Tr. 29-30.  For the reasons discussed above, the ALJ erred by discounting these opinions on those grounds.

**3.  Karen Mansfield-Blair, Ph.D.**

Dr. Mansfield-Blair examined Plaintiff on June 22, 2019, conducting a clinical interview and performing a mental status examination.  Tr. 711-17.  Dr. Mansfield-Blair opined, among other things, Plaintiff "would not have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition[.]"  Tr. 717.  The ALJ found this opinion "generally persuasive."  Tr. 28.  The ALJ credited Dr. Mansfield-Blair's opinion as consistent with the same evidence she found inconsistent with the opinions of LMHC Lopaze and Dr. Genthe.  Because the ALJ erred by discounting the opinions on LMHC Lopaze and Dr. Genthe, the ALJ must reassess Dr. Mansfield-Blair's opinion on remand.

ORDER GRANTING
PLAINTIFF'S MOTION - 9

### 4. DDS Consultants.

Plaintiff contends the ALJ erroneously found these opinions the most persuasive. ECF No. 9 at 21. Although the ALJ was not required to provide reasons in support of incorporating a medical opinion into the residual functional capacity determination, *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010), because the ALJ erred by discounting the opinions of LMHC Lopaze and Dr. Genthe, as discussed above, the ALJ must also reassess these opinions anew on remand.

### B. Subjective Complaints

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 9 at 3-14. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, including Plaintiff's course of treatment. Tr. 23-26. However, because the ALJ erred by discounting the opinions of LMHC Lopaze and Dr. Genthe, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities, noting, among other minimal activities, Plaintiff was "able to prepare her own meals and feed herself" and "care for her hygiene needs." Tr. 23. As discussed in the context of LMHC Lopaze's opinion, Plaintiff's minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor sufficiently undermine Plaintiff's allegations, *see Diedrich*, 874 F.3d at 643; *Reddick*, 157 F.3d at 722. The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reevaluate the medical opinions addressed herein, reassess Plaintiff's testimony, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.  Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to reverse, filed September 6, 2023, **ECF No. 9**, is **GRANTED**.

2. Defendant's motion to affirm, filed October 13, 2023, **ECF No. 11**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 26th day of March, 2024.

03-07-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 11